# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ALEXIS PLUNKETT, BAR NO. 11245.

No. 76001

FILED

NOV 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Alexis Plunkett. We reject the conditional guilty plea agreement.

The State Bar filed a complaint alleging that Plunkett allowed a client who was incarcerated at the Clark County Detention Center (CCDC) to use her cell phone when she visited him even though she signed an acknowledgment each time she visited the client that cell phone use was limited to contacting CCDC staff or 9-1-1 and that any other use could result in criminal prosecution. The complaint further alleged that Plunkett lied about the client's use of her cell phone when she was contacted by a Las Vegas Metropolitan Police Department detective who was investigating possible violations of NRS 212.165 by Plunkett and her client. Based on those allegations, the State Bar claimed that Plunket had violated RPC 1.1 (competence), RPC 8.4(a) (violating or attempting to violate the RPC), RPC 8.4(b) (criminal conduct that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and RPC 8.4(d) (conduct that is prejudicial to the administration of justice).

18-906023

Under the conditional guilty plea agreement, Plunkett admitted to violating RPC 1.1 (competence) based on the facts alleged in the complaint.[1] The parties agreed on one aggravating factor (substantial experience in the practice of law) and three mitigating factors (absence of prior disciplinary history, absence of dishonest or selfish motive, and remorse). The agreed-upon discipline calls for a six-month suspension with the last three months stayed, compliance with certain terms during the suspension, and payment of $2,500 in fees plus the actual costs of the disciplinary proceeding.

During the hearing on the conditional guilty plea agreement, the parties addressed the fact that Plunkett had been indicted on felony offenses under NRS 212.165 based on the conduct at issue in the disciplinary proceeding, a district court judge had dismissed the indictment, and the State had appealed that decision. They nonetheless suggested that they could not wait for that appeal to be resolved and that if Plunkett eventually were convicted, the convictions would have to be dealt with in a separate disciplinary action. But in recommending that this court approve the conditional guilty plea agreement, the hearing panel stated that it would not have recommended more severe discipline even if Plunkett had been convicted of the criminal offenses.

Considering the relationship between the disciplinary proceeding and the criminal charges against Plunkett that had not been finally resolved, we conclude that the conditional guilty plea agreement is premature. Although a criminal conviction is not a prerequisite to imposing

---

[1]The State Bar agreed to dismiss other allegations in the complaint involving Plunkett's physical contact with an incarcerated client. The plea agreement does not mention the violations of RPC 8.4 related to the cell phone allegations.

Supreme Court
OF
Nevada

(O) 1947A

2

discipline in this matter, the push to negotiate a conditional plea while Plunkett faced the possibility of a conviction for felony offenses based on the same conduct is problematic. In particular, any subsequent conviction for a felony offense would implicate SCR 111, requiring a temporary suspension and referral for a hearing to determine the extent of the discipline to be imposed. So, regardless of the hearing panel's statement that it would not recommend greater discipline even if Plunkett had been convicted, Plunkett would at the very least be subject to an additional temporary suspension under SCR 111(7) following any felony conviction. Even if that appeared to be an unlikely scenario when the plea agreement was presented to the hearing panel because the indictment had been dismissed, this court has since reversed the order dismissing the indictment. *State v. Plunkett*, 134 Nev., Adv. Op. 88, ___ P.3d ___ (2018). Under the circumstances, we reject the conditional guilty plea agreement.[2]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

[2]This is our final disposition of this matter. Any further proceedings involving Plunkett shall be docketed as a new matter.

cc: Chair, Southern Nevada Disciplinary Panel
Las Vegas Defense Group, LLC
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court